## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

WAKETA COLEMAN,

          Petitioner,

v.

UNITED STATES OF AMERICA,

          Respondent.

Civil No. 14-0487 (PJS/JJG)

**REPORT AND RECOMMENDATION**

The above-named Petitioner commenced this action by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Docket No. 1.)  The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

Petitioner filed her habeas corpus petition on February 21, 2014.  This Court previously reviewed the petition and found that it was defective for several reasons.  Therefore, in an order dated February 27, 2014, (Docket No. 3), the Court directed Petitioner to file an amended habeas corpus petition if she intended to continue to prosecute this action.

The Court's prior order in this case expressly informed Petitioner that she must file an amended petition by no later than March 21, 2014.   The order also expressly informed Petitioner that if she did not file an amended petition in a timely manner, she would be deemed to have abandoned this action, and it would be recommended that this case be summarily dismissed pursuant to Fed. R. Civ. P. 41(b).

The deadline for complying with the Court's prior order has now expired, and

Petitioner has not filed an amended petition, nor has she offered any excuse for her failure to do so. In fact, Petitioner has not communicated with the Court on this matter at all since she filed her original habeas corpus petition.

Therefore, it is now recommended, in accordance with the Court's prior order in this case, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (Docket No. 2), be denied as moot.

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.   Petitioner's application to proceed in forma pauperis, (Docket No. 2), be **DENIED AS MOOT**; and

2.   This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: March 26, 2014         s/ *Jeanne J. Graham*
                              JEANNE J. GRAHAM
                              United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 14, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.